# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JAMES WEST,<br><br>        Plaintiff,<br><br>v.<br><br>PBC MANAGEMENT LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-03283-BLF<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF No. 3] |

On June 30, 2023, Plaintiff filed his Complaint in the above-captioned case. ECF No. 1 ("Compl."). He alleges that he rented a co-working space from Defendant PBC Management LLC d/b/a Pacific Workplaces beginning on September 28, 2021. *Id.* at 3. Plaintiff states that on May 3, 2023, Defendant Keith Warner informed Plaintiff that his last day renting from the co-working space would be May 31, 2023. *Id.* at 6. On May 26, 2023, Plaintiff asked for an extension through June 2023 on the basis of medical issues and "personal time off." *Id.* That same day, Defendant Warner approved the extension, and he informed Plaintiff his last day would be June 30, 2023, and it could not be extended beyond that date. *Id.* Plaintiff brings claims asserting violation of the Americans with Disabilities Act, violation of 42 U.S.C. § 1981, violation of the Unruh Civil Rights Act, breach of contract, anticipatory breach of contract, unfair business practice, and negligence. *Id.* at 7-13.

Plaintiff has filed a motion for temporary restraining order. ECF No. 3 ("TRO"). He also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2 ("IFP App."). On July 3, 2023, the Court granted the application to proceed *in forma pauperis*. ECF No. 6. The Court also issued an Order requiring that Plaintiff provide notice to Defendants and file proof of service on the docket by July 5, 2023, and that Defendants file any opposition by July 7, 2023. ECF No. 7.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking emergency injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

Plaintiff is not entitled to a temporary restraining order for several reasons. First, he has not met the additional procedural requirements for issuance of a temporary restraining order without notice to the adverse party. Under Federal Rule of Civil Procedure 65(b), a court may grant a temporary restraining order without notice to the adverse party only if "(1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *See Gandrup v. GMAC Mortg.*, 2011 WL 703753, at *1–2 (N.D. Cal. Feb. 18, 2011) (quoting Fed. R. Civ. P. 65(b)(1)). Because Plaintiff is proceeding *in forma pauperis*, the Court attempted to serve the Complaint and TRO on Defendants. On July 3, 2023, the Clerk filed a request asking Plaintiff to provide the address of each Defendant. ECF No. 8. Plaintiff did not file anything in response. The Court sent a copy of the Complaint and TRO to the email addresses listed for Plaintiff and Defendants on Exhibit A to the Complaint, as well as a general email address listed for Defendant Pacific Workplaces on the company website. *See* Compl., Ex. A

(ECF No. 1-1) at 14. The Court did not receive any response. There is no indication on the docket that Plaintiff notified Defendants about his motion. In the TRO Application, Plaintiff states that he has contacted "Scott Chambers, Chief Operating Officer and agent for service for PBC Management aka Pacific Workplaces via email requesting contact for the company's attorneys" and that he contacted "Keith Warner, managing partner for San Jose to also request contact information for the company's attorneys" but that he had not received a reply from either as of June 30, 2023. TRO at 5-6. Plaintiff also stated that he "intend[s] to email both company officers copies of all documents" once he filed them with the Court. *Id.* at 5. Plaintiff has not provided any further information about whether he received replies or whether he ultimately sent the filings to the company officers. He also did not respond to the Clerk's request that he provide addresses for Defendants. Nor did Plaintiff certify in writing why notice should not be required. The Court determines that it is improper to grant a temporary restraining order without notice to Defendants here.

Second, it appears that Plaintiff has delayed in seeking emergency relief. "[A] plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying motion for temporary restraining order where plaintiff waited "a full month" after the issuance of the challenged city resolution to seek a TRO). Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny emergency relief based on delays of as little as ten days. *See Oracle Am., Inc. v. Myriad Grp. AG*, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2021) (three-and-a-half month delay); *Devashayam v. DMB Capital Grp.*, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Lee v. Haj*, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) (one-month delay); *Altman v. County of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay). Here, Plaintiff received notice from Defendants that his lease would be terminated on May 3, 2023, and he did not file the motion for TRO until June 30, 2023. This delay further counsels against granting a TRO.

For those reasons, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary

3

1    injunction.

2    **IT IS SO ORDERED.**

4    Dated:  July 10, 2023

_____
BETH LABSON FREEMAN
United States District Judge