1  Collin D. Cook (SBN 251606)
   E-Mail: ccook@fisherphillips.com
2  Garrick Y. Chan (SBN 315739)
   E-Mail: gchan@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Montgomery Street, Suite 3400
4  San Francisco, California 94104
   Telephone: (415) 490-9000
5  Facsimile: (415) 490-9001

6  Attorneys for Defendant,
   PBC MANAGEMENT LLC dba PACIFIC
7  WORKPLACES

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE COURTHOUSE

11 JAMES WEST,                          | Case No: 5:23-cv-03283-PCP

12            Plaintiff,                 | **DEFENDANT PBC MANAGEMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

13      v.

14 PBC MANAGEMENT LLC aka PACIFIC        | Date:        January 25, 2024
   WORKPLACES, KEITH WARNER,             | Time:        10:00 a.m.
15 MANAGING PARTNER, DOES 1-25,          | Courtroom:   Courtroom 8, 4th Floor

16            Defendants.                | Complaint Filed: June 30, 2023
                                         | Trial Date:      Not Set
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PBC MANAGEMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
FP 48539080.1

1

## NOTICE OF MOTION AND MOTION

2

**TO THE COURT AND TO PLAINTIFF IN PRO SE:**

3

PLEASE TAKE NOTICE that on January 25, 2023 at 10:00 a.m., or as soon thereafter

4 as this matter may be heard, in Courtroom 8, 4th Floor, 280 South First Street, San Jose,

5 California 95113 of the San Jose Courthouse, Defendant PBC Management LLC dba Pacific

6 Workplaces ("PBC") will and does move for an order under Federal Rules of Civil Procedure

7 Rules 8 and 12(b)(6), dismissing pro se Plaintiff James West's ("Plaintiff") Complaint, without

8 leave to amend.

9

This motion is brought on the grounds that Plaintiff has not asserted any viable claims

10 against PBC and Plaintiff's Complaint fails to state any claim upon which relief can be granted.

11 Moreover, the limited facts pled against PBC do not support any cause(s) of action alleged in

12 Plaintiff's Complaint. Further, Plaintiff's Complaint fails to identify who some of the causes of

13 action are alleged against.

14

The Motion will be based on this Notice, the Memorandum of Points and Authorities

15 filed concurrently herewith, the record on file in this action, and on such evidence and argument

16 as may be presented at the hearing on the Motion.

17

18 Dated: November 1, 2023                           FISHER & PHILLIPS LLP

19

20                                          By: */s/ Collin D. Cook*
                                                Collin D. Cook
21                                              Garrick Y. Chan
                                                Attorneys for Defendant,
22                                              PBC MANAGEMENT LLC dba PACIFIC
                                                WORKPLACES

23

24

25

26

27

28

DEFENDANT PBC MANAGEMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
FP 48539080.1

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION .................................................................................................6

II.     SUMMARY OF RELEVANT FACTS ................................................................6

      **A.**      Procedural History .................................................................................6

      **B.**      Relevant Factual Allegations from Plaintiff's Complaint .....................6

III.    LEGAL STANDARD...........................................................................................7

IV.     LEGAL ARGUMENT..........................................................................................8

      **A.**      Plaintiff's Complaint Fails to Allege a Single Cause of Action
              Against PBC .............................................................................................8

      **B.**      Even If Plaintiff's Complaint Alleged Specific Causes of Action
              Against PBC, The Complaint Fails to Allege Facts Sufficient to
              State a Claim ............................................................................................8

            1.      Plaintiff's Title III ADA Reasonable Accommodation Claim
                 Must be Dismissed. ....................................................................9

            2.      Plaintiff's Intentional Race Discrimination Claim is Without Merit............10

            3.      Plaintiff's Violation of Unruh Civil Rights Act Claim Must be
                 Dismissed. ..................................................................................10

            4.      Plaintiff's Breach of Contract and Anticipatory Breach of Contract
                 Claims Are Without Merit. .........................................................11

             5.      Plaintiff's Unfair Business Practice Claim is Unintelligible. ......................12

            6.      Plaintiff Fails to Allege Facts to Support a Negligence Claim
                 Against PBC................................................................................12

V.      CONCLUSION...................................................................................   13

# **TABLE OF AUTHORITIES**

**Cases**                                                                    **Page No(s).**

*Akhtar v. Mesa,*
   698 F.3d 1202 (9th Cir. 2012) ....................................................................7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)....................................................................................7

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................7

*C. A. Crane v. East Side Canal & Irrigation Co.*
   (1935) 6 Cal.App.2d 361 ..........................................................................11

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,*
   710 F.3d 946 (9th Cir. 2013) .......................................................................7

*Comcast Corp. v. Nat'l Ass'n of African American-Owned Media,*
   140 S. Ct. 1009 (2020)................................................................................9

*Ladd v. County of San Mateo*
   (1996) 12 Cal.4th 913 ............................................................................... 12

*Marceau v. Blackfeet Hous. Auth.,*
   540 F.3d 916 (9th Cir. 2008) .......................................................................7

*McKenna v. Permanente Med. Grp., Inc.,*
   894 F. Supp. 2d 1258 (E.D. Cal. 2012).......................................................9

*Oster v. City of Capitola,*
   No. 21-CV-03562-SI, 2021 WL 3773605 (N.D. Cal. Aug. 25, 2021) ...................8

*Richman v. Hartley*
   (2014) 224 Cal.App.4th 1182 ....................................................................10

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) .......................................................................7

*Starr v. Baca,*
   652 F.3d 1202 (9th Cir. 2011) .....................................................................7

**Statutes**

42 U.S.C. Section 1981 ....................................................................................9, 10

42 U.S.C. § 12181(7) .............................................................................................9

42 U.S.C. § 12182(a) .............................................................................................8

4

Cal. Civ. Code § 51 ............................................................................................................10

California Business and Professions Code Section 17200 .................................................11

Unruh Civil Rights Act ...............................................................................................6, 10

**Other Authorities**

28 C.F.R. § 36.104 ...............................................................................................................9

Federal Rule of Civil Procedure Rule 8 ..............................................................................7

Federal Rules of Civil Procedure Rules 8 and 12(b)(6)...................................................2, 6

Judicial Council of California Civil Jury Instructions No. 3060 ..............................................10

Federal Rules of Civil Procedure 12(b)(6) ...........................................................................7

DEFENDANT PBC MANAGEMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
FP 48539080.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On June 30, 2023, pro se Plaintiff James West ("Plaintiff") filed a Complaint against Defendants PBC Management, LLC dba Pacific Workplaces ("PBC") and Keith Warner, an individual ("Mr. Warner") (collectively "Defendants"). PBC now moves for dismissal of Plaintiff's Complaint on the basis that the complaint fails to state a valid claim upon which relief can be granted under Federal Rules of Civil Procedure Rules 8 and 12(b)(6) and the limited facts pled against PBC are not sufficient to support any of the cause(s) of action alleged.

Plaintiff's Complaint against PBC should also be dismissed on the grounds that the complaint fails to identify which defendant some of the causes of action are alleged against. As a result, it is unclear what cause(s) of action Plaintiff is asserting against PBC, Mr. Warner, or both defendants. Finally, as the deficiencies in Plaintiff's Complaint cannot be cured by amendment, the Court should grant PBC's motion to dismiss with prejudice.

**II.    SUMMARY OF RELEVANT FACTS**

**A.    Procedural History**

On June 30, 2023, Plaintiff filed a Complaint against PBC and Mr. Warner. ECF No. 1. Plaintiff's Complaint alleges seven causes of action. The first three causes of action: (1) Title III ADA Reasonable Accommodation, (2) Intentional Race Discrimination, and (3) Violation of Unruh Civil Rights Act are alleged against PBC, only. The remaining four causes of action: (4) Breach of Contract, (5) Anticipatory Breach of Contract, (6) Unfair Business Practice, and (7) Negligence are not alleged against a specific defendant. *Id.* On October 11, 2023, the United States Marshals Service effected service of the Complaint on PBC. ECF No. 22. PBC's responsive pleading to Plaintiff's Complaint is due November 1, 2023. *Id.*

**B.    Relevant Factual Allegations from Plaintiff's Complaint**

On September 28, 2021, Plaintiff, a disabled black non-gender conforming disabled male, entered into a monthly co-working membership and co-working services agreement (evenings and weekends only) with PBC. Complaint at p. 3. PBC – San Jose is an establishment renting out office, conference room and work places in Arizona, Nevada, and California. Complaint at

DEFENDANT PBC MANAGEMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
FP 48539080.1

p. 7. PBC is required to provide accommodations when it would afford a person with a disability an equal opportunity to access services. *Id.* On September 30, 2021 and August 19, 2022 and in September 2022, Plaintiff made requests to modify the co-working space and further requested additional services. Complaint at pp. 4-5. PBC did not make any modifications to the co-working area as requested by Plaintiff. Complaint at p. 5. Beyond these allegations, Plaintiff does not allege any further facts regarding PBC in the complaint.

## III.    LEGAL STANDARD

This Court may dismiss a cause of action under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, *supra* at 556). Dismissal under Rule 12(b)(6) may be based on: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

For purposes of dismissal, the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co.*, *supra* at 956; *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court, however, need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) Neither must the court "assume the truth of legal conclusions cast in the form of factual allegations." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008) (citation omitted).

Further, Federal Rule of Civil Procedure Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The objective of Rule 8's requirements is to provide the defendant with "fair notice" of the claim against him, as well as notice of the

grounds on which the claim is based. *See, e.g., Twombly, supra* at 555 ("plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); see also *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011) (noting concern that lenient pleading standards facilitated abusive litigation).

## IV.   LEGAL ARGUMENT

### A.   Plaintiff's Complaint Fails to Allege a Single Cause of Action Against PBC

Plaintiff's Complaint against PBC should be dismissed because it does plead facts sufficient to constitute any cognizable cause of action against PBC. Here, with the exception of the facts that PBC is a business renting out office, conference room, and work places and that PBC did not make modifications to the co-working area, there are no facts regarding the conduct that PBC is alleged to have engaged in that would subject PBC to liability.

Moreover, PBC cannot draw any reasonable inference that the Company is liable for any misconduct related to Plaintiff's Fourth through Seventh causes of action because they are not alleged specifically against any one defendant. With the exception of the first three causes of action, which are alleged only against PBC, Plaintiff's Complaint fails to identify which of the defendant(s) the claims for Breach of Contract, Anticipatory Breach of Contract, Unfair Business Practice, and Negligence are asserted against. Therefore, PBC can only speculate as to what cause(s) of action are alleged against the Company. To survive a motion to dismiss, a plaintiff must make clear which causes of action are asserted against which defendants with necessary allegations in support thereof. *Oster v. City of Capitola*, No. 21-CV-03562-SI, 2021 WL 3773605, at *3 (N.D. Cal. Aug. 25, 2021). Therefore, as currently pled, it is impossible for PBC to respond to Plaintiff's Complaint.

### B.   Even If Plaintiff's Complaint Alleged Specific Causes of Action Against PBC, The Complaint Fails to Allege Facts Sufficient to State a Claim

Even assuming all seven causes of action in Plaintiff's Complaint are specifically alleged against PBC, which they are not, the complaint fails to allege facts sufficient to state a claim.

///

8

1.    <u>Plaintiff's Title III ADA Reasonable Accommodation Claim Must be Dismissed.</u>

Title III of the Americans with Disabilities Act of 1990 ("ADA") prohibits discrimination on the basis of disability in places of public accommodation 42 U.S.C. § 12182(a). A place of public accommodation is defined as a privately operated facility whose operations 1) affect commerce and 2) fall within at least one of the following categories: a) places of lodging; b) establishments serving food or drink; c) places of exhibition or entertainment; d) places of public gathering; e) sales or rental establishments; f) service establishments; g) public transportation terminals, depots, or stations; h) places of public display or collection; i) places of recreation; j) places of education; k) social service center establishments; or l) places of exercise or recreation. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

First, Plaintiff fails to allege that PBC is a place of public accommodation and how PBC falls into one of the enumerated categories above. Plaintiff's conclusory allegation that PBC rents out co-working space and that PBC is required to provide accommodation fails to state how PBC falls under Title III of the ADA. Thus, Plaintiff has not established that PBC operates an establishment that meets the definition of a place of public accommodation.

Second, Plaintiff fails to adequately allege that Plaintiff has a disability, as Plaintiff does not identify any disability that Plaintiff suffers from. Instead, Plaintiff only makes a conclusory allegation that Plaintiff is disabled. Complaint at p. 3. *See McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1278 (E.D. Cal. 2012) (plaintiff failed to state discrimination claim where claims were "vague as to [the] alleged disability and fail[ed] to identify it precisely.")

Finally, even assuming for the sake of argument that PBC operates a place of public accommodation that meets the criteria of Title III of the ADA and that Plaintiff has a disability, Plaintiff has not sufficiently alleged that PBC discriminated against Plaintiff on the basis of a disability. Rather, Plaintiff alleges only that PBC did not make any modifications to the co-working area as requested by Plaintiff. Complaint at p. 5. Stated differently, there are absolutely no facts pled to support a claim that PBC denied Plaintiff reasonable, public accommodations because of Plaintiff's disability. Accordingly, Plaintiff has not stated a claim under the ADA and

1    it must be dismissed.

2              2.    Plaintiff's Intentional Race Discrimination Claim is Without Merit.

3              42 U.S.C. Section 1981 prohibits race discrimination in the making and enforcing of

4    contracts. To succeed on a Section 1981 claim, a plaintiff must establish: 1) that the Plaintiff is a

5    member of a racial minority; 2) that the defendant had intent to discriminate on the basis of race;

6    and 3) that the discrimination concerned one or more of the activities enumerated in the statute.

7    Proving a violation of Section 1981 requires plaintiff to show that the adverse action would not

8    have occurred but for the racial motivation. *Comcast Corp. v. Nat'l Ass'n of African American-*

9    *Owned Media*, 140 S. Ct. 1009 (2020).

10             Here, Plaintiff alleges non-black members violated the membership agreement and that

11   Plaintiff was subjected to harassment by non-black members. Complaint at p. 8. Plaintiff also

12   alleges he was viewed unfavorably by staff and management generally. *Id*. Plaintiff does not,

13   however, establish that PBC discriminated or had any intent to discriminate against Plaintiff on

14   the basis of race. Additionally, Plaintiff fails to allege PBC did anything other than not make

15   modifications to the co-working area as requested by Plaintiff. Accordingly, Plaintiff's claim for

16   Intentional Race Discrimination under Section 1981 must similarly be dismissed.

17             3.    Plaintiff's Violation of Unruh Civil Rights Act Claim Must be Dismissed.

18             The Unruh Civil Rights Act provides protection from discrimination by all business

19   establishments in California, including public accommodations. The Unruh Civil Rights Act

20   requires "[f]ull and equal accommodations, advantages, facilities, privileges or services in all

21   business establishments." Cal. Civ. Code § 51. A plaintiff must show that he was harmed and

22   that a defendant's conduct was a substantial factor in causing harm (Judicial Council of California

23   Civil Jury Instructions ("CACI") No. 3060.)

24             Here, again, Mr. West has not established that PBC operates a place of public

25   accommodation that meets the criteria of the Unruh Civil Rights Act. Further, Plaintiff alleges

26   that Plaintiff is a "disabled black non-gender conforming male" but nowhere in the Complaint

27   does Plaintiff allege that PBC discriminated against Plaintiff in the rental of co-working space

28   because of Plaintiff's race, gender expression and identity, or disability. Instead, the complaint

                                                    10

DEFENDANT PBC MANAGEMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

only alleges that PBC did not make any modifications to the co-working area. Complaint at p. 5. Finally, Plaintiff has not pled how PBC declining to make any modifications to the co-working area was a substantial factor in causing any harm. Thus, Plaintiff's Unruh Civil Rights Act claim must be dismissed.

4.      Plaintiff's Breach of Contract and Anticipatory Breach of Contract Claims Are Without Merit.

To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.

An anticipatory breach of contract occurs on the part of one of the parties to the instrument when he positively repudiates the contract by acts or statements indicating that he will not or cannot substantially perform essential terms thereof, or by voluntarily transferring to a third person the property rights which are essential to a substantial performance of the previous agreement, or by a voluntary act which renders substantial performance of the contract impossible or apparently impossible." *C. A. Crane v. East Side Canal & Irrigation Co.* (1935) 6 Cal.App.2d 361, 367.

Plaintiff's allegations regarding PBC's conduct do not support a finding that PBC breached any agreement. Plaintiff alleges he and a PBC representative entered into a valid co-working agreement. Complaint at p. 11. Based on the Client License Agreement and Terms of Use which were attached to Plaintiff's Complaint, it is undisputed that either party can terminate the co-working agreement. Client License Agreement and Terms of Use at p. 6 (Termination of Agreement). Based on the allegations in the complaint, PBC followed the terms of the Agreement by notifying Plaintiff that the agreement was being terminated. Thus, PBC did not breach any agreement with Plaintiff.

Plaintiff further alleges "Defendant" breached the contract or co-working agreement by failing to provide beverage services and complimentary cups and condiments, by allowing music to play in the co-working space which Plaintiff to be a nuisance, by failing to provide adequate

11

1  notice of closure or an alternate work site, and by allowing non-black members to engage in

2  conduct which Plaintiff found to be a nuisance. Complaint at p. 11. Assuming Plaintiff is referring

3  to PBC, Plaintiff has not shown how PBC's conduct, or lack thereof according to the allegations,

4  materially breached the co-working agreement. Plaintiff has not cited to a provision in the Client

5  License Agreement and Terms of Use that PBC violated. Instead, Plaintiff only provides a few

6  examples of what PBC may or may not have done based on Plaintiff's wishes. Based on the

7  foregoing, Plaintiff's Breach of Contract and Anticipatory Breach of Contract claims fail to allege

8  facts sufficient to state a claim upon which relief may be granted.

9               5.    <u>Plaintiff's Unfair Business Practice Claim is Unintelligible.</u>

10        An unfair business practice is, according to California Business and Professions Code

11  section 17200, any unlawful, unfair, or fraudulent business act. Plaintiff alleges Mr. Warner

12  issued a termination letter but then also alleges that "Defendants" granted Plaintiff an extension

13  to continue working at Pacific Workplaces." Complaint at p. 12. Plaintiff also alleges that

14  "Defendants engaged in repeated billing Plaintiff for services and sending Plaintiff was send

15  confirmation of a successful billing event resulting in Plaintiff incurred overdraft fees and

16  charges. *Id.* at p. 13. Plaintiff's Complaint is unintelligible and PBC cannot determine what

17  allegations are asserted against it with regard to the alleged billing practices. Accordingly,

18  Plaintiff's Unfair Business Practice claim fails to state facts sufficient to constitute a cause of

19  action against PBC and must be dismissed.

20               6.    <u>Plaintiff Fails to Allege Facts to Support a Negligence Claim Against</u>

21                    <u>PBC.</u>

22        Finally, the elements of a cause of action for negligence are well established. They are

23  "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the

24  proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* (1996) 12 Cal.4th

25  913, 917.

26        Plaintiff fails to plead any facts to support a negligence claim against PBC. Here, there

27  are no facts alleged in the Complaint to show that PBC specifically owed a duty to Plaintiff,

28  much less breached a duty. Furthermore, Plaintiff fails to allege that PBC caused any damages.

Plaintiff's conclusory allegation that "Defendant" acted negligently in terms of processing payment is unintelligible. Thus, Plaintiff's negligence claim fails to state a viable claim against PBC.

**V.      CONCLUSION**

Based on the foregoing, PBC respectfully requests the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim against it, with prejudice.


Dated: November 1, 2023                    FISHER & PHILLIPS LLP


                                 By:   */s/ Collin D. Cook*
                                       Collin D. Cook
                                       Garrick Y. Chan
                                       Attorneys for Defendant
                                       PBC MANAGEMENT LLC dba PACIFIC
                                       WORKPLACES