UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEST,<br><br>    Plaintiff,<br><br>    v.<br><br>PBC MANAGEMENT LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-03283-PCP<br><br>**ORDER GRANTING MOTIONS TO DISMISS IN PART**<br><br>Re: Dkt. Nos. 48, 49 |

Pro se plaintiff James West brings this lawsuit against defendants PBC Management LLC ("PBC") and Keith Warner, PBC's Managing Partner, arising from West's use of PBC's San José co-working space. Both PBC and Warner have moved to dismiss West's third amended complaint. For the following reasons, the Court grants both motions in part.

**BACKGROUND**

In June 2023, West filed this lawsuit asserting several claims against PCB and Warner arising from conduct that allegedly occurred when West was a member of PBC's San José co-working space. West alleges that PCB discriminated against him because of his race, failed to accommodate his disability, overcharged him, and kept the co-working space in a dirty, loud, and unsafe condition in violation of his membership agreement. West initially brought the following causes of action against both defendants: (1) race discrimination under 42 U.S.C. § 1981; (2) failure to accommodate under Title III of the ADA; (3) violation of Cal. Civil Code § 54 based on the ADA violation; (4) violation of Cal. Civil Code § 51 (Unruh Civil Rights Act) for race and disability discrimination; (5) breach of contract; (6) negligence; (7) fraud; (8) retaliation under the ADA; and (9) unfair business practices under California's Unfair Competition Law (UCL).

PBC and Warner moved to dismiss West's claims under Rule 12(b)(6). On May 7, 2024, this Court denied the motions with respect to both West's breach of contract claim, to the extent it

was premised on the theory that he was overcharged, and his race discrimination claims under 42 U.S.C. § 1981 and Cal. Civil Code § 51. Dkt. No. 40. The Court granted the motions, with leave to amend, with respect to the remainder of West's claims. *Id.*

West filed his third amended complaint on July 16, 2024, and defendants again moved to dismiss under Rule 12(b)(6). The third amended complaint asserts the same causes of action as the first amended complaint, except that it omits the Cal. Civil Code § 54 claim and adds a private nuisance claim. Dkt. No. 55.

## LEGAL STANDARDS

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664. Pro se complaints are "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

Because all of West's claims are alleged against both PBC and Warner and both defendants raise largely the same arguments in their motions to dismiss, their motions will be considered together.

**I.    West adequately pleads a race discrimination claim under Section 1981.**

42 U.S.C. § 1981 prohibits racial discrimination in the making, performance, modification, and termination of contracts. West alleges that he is a member of a racial minority and that he was denied the opportunity to purchase a co-working membership on several occasions in September

2

2021 on the basis of his race. Dkt. No. 29, at 15. He further alleges that he was not offered the same benefits as non-black members once he joined PBC's San José location.

For the same reasons set forth in the Court's order on defendants' prior motions to dismiss, the Court again denies defendants' motions to dismiss West's Section 1981 claims. *See* Dkt. No. 40.

## II. West fails to adequately plead a Title III claim under the ADA.

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. § 12182(a). Public places are required to make reasonable modifications for individuals with disabilities to fully and equally enjoy their goods, services, facilities, privileges, advantages, and accommodations. 28 C.F.R. § 36.302(a).

In its prior order, the Court found that West had failed to adequately plead a Title III claim. Dkt. No. 40, at 5–6. West had alleged that defendants had failed to accommodate his request to move worktables at least six feet apart to prevent against the spread of COVID-19 and other respiratory illnesses. The Court found this allegation insufficient because West's asserted disability is an anxiety disorder, not being immunocompromised. West had also alleged that defendants discriminatorily terminated his co-working membership notwithstanding his June 30, 2023 email identifying his anxiety disorder. This too was insufficient because the defendants had communicated their plan to terminate his membership more than a month before he notified them about his disability on June 30, 2023. Finally, West had alleged that defendants failed to allow him a flexible workplace agreement that would accommodate the disorganization resulting from his anxiety disorder. The Court found, however, that it was not apparent from the complaint that defendants were even aware of West's anxiety disorder at the time they declined his request.

West has amended his complaint to clarify that he first notified defendants about his anxiety disorder on June 28, 2023, instead of June 30, 2023. Dkt. No. 55, at 18. He also alleges that he was not only exposed to respiratory illnesses but that he contracted such an illness at the co-working space and was forced to take time off from work as a result. *Id.* at 42. He states that he "is at increased risk of infection due to other conditions" but provides no further details about those other conditions. *Id.* at 22. West has also added an allegation that he has a physical disability

3

of acute back pain. Dkt. No. 55, at 2, 33.

Despite these new allegations, West's third amended complaint fails to remedy the deficiencies the Court identified in the first amended complaint. Even if West contracted an unidentified respiratory illness at an unspecified time, that injury is not related to his alleged disabilities, which involve his anxiety disorder and back pain. West has not alleged "other conditions" putting him at increased risk of infection with sufficient specificity to support his disability discrimination claim.

Additionally, West does not allege that defendants were aware of his back pain at all and the revised date on which he allegedly notified defendants about his anxiety disorder still falls almost one month after defendants notified West of their intention to terminate his agreement. The June 28, 2023 correspondence therefore cannot show that defendants were aware of West's disability when they decided to terminate his agreement. Even if defendants became aware of West's disability before his agreement expired, defendants did not have a duty under Title III to accommodate his disability *after* they had already made their decision to terminate. *See, e.g.*, *Hardin v. Wal-Mart Stores, Inc.*, 604 F. App'x 545 (9th Cir. 2015) (holding that the duty to provide reasonable accommodation is triggered by an employer's notice of an employee's disability); *Alamillo v. BNSF Ry. Co.*, 869 F.3d 916, 922 (9th Cir. 2017) (citing U.S. Equal Emp. Opportunity Comm'n, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, 2002 WL 31994335, at *25) ("Since reasonable accommodation is always prospective, an employer is not required to excuse past misconduct even if it is the result of the individual's disability."); *Alamillo v. BNSF Ry. Co.*, No. CV 14-08753 SJO, 2015 WL 11004494 (C.D. Cal. June 16, 2015), *aff'd*, 869 F.3d 916 (9th Cir. 2017) ("Once termination is imminent according to the employer's policy, a request for accommodation is too late.").

The Court therefore grants defendants' motions to dismiss West's claims for discrimination on the basis of disability under Title III.

4

**III. West adequately pleads a violation of Cal. Civ. Code § 51 for race discrimination but not disability discrimination.**

Cal. Civil Code § 51 (the Unruh Civil Rights Act) requires business establishments to provide equal accommodations to all customers notwithstanding race, gender, disability, and other protected traits. West's Section 51 claim is premised on the same allegations underlying his Section 1981 and Title III claims.

In its prior order, the Court found West's race discrimination claims under Section 51 sufficiently pleaded but, for the reasons discussed above, granted defendants' motions to dismiss his Section 51 disability discrimination claim. Dkt. No. 40, at 7.

West has not amended his Section 51 claim in his third amended complaint. The Court therefore denies defendants' motions to dismiss West's Section 51 claim for race discrimination for the reasons set forth in the prior order, but grants defendant's motions to dismiss West's Section 51 claims for disability discrimination for the same reasons it grants defendants' motions to dismiss his Title III claim under the ADA.

**IV. West adequately pleads a breach of the co-working agreement.**

To prevail on a cause of action for breach of contract under California law, a plaintiff must prove: (1) the existence of the contract; (2) the plaintiff's performance of the contract or excuse for nonperformance; (3) the defendant's breach; and (4) the resulting damage to the plaintiff. *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

West adequately proves the existence of a contract and adequately pleads that he paid the monthly fee for his co-working membership starting in October 2021. See Dkt. No. 29-1. He alleges that PBC and Warner breached the contract by: (1) failing to provide beverage services on weekends and evenings; (2) permitting a nuisance to exist by allowing other members to play loud music, leave doors ajar, smoke on the premises, and leave dirty dishes in the sink; (3) failing to provide adequate notice of closure during maintenance and an alternative working space or discount in January 2023; (4) wrongfully terminating the contract; and (5) overcharging West from March through June 2023.

In its prior order, the Court found that West adequately pleaded only an overcharging

breach of contract theory. Dkt. No. 40. In West's third amended complaint, he amends his factual allegations in support of the beverage service theory. The Court previously found that under the agreement, "Beverage Services" is an optional service "available for purchase on a per user basis." Dkt. No. 40; *see* Dkt. No. 29-1, at 1. In his first amended complaint, West had not alleged that he purchased this optional add-on service and defendants therefore could not be liable for failing to provide beverages on weekends and evenings. West now alleges that he purchased the beverage service option, the price of which was included in his monthly membership fee. Dkt. No. 55, at 10. He notes that on November 18, 2021, he received an email from PCB with detailed instructions on how to make coffee and that such instructions are only provided to members who have purchased the beverage services plan. *Id.* With these additional factual allegations, West adequately pleads a breach of contract by defendants on the theory that PBC failed to provide beverage service on weekends and evenings.

West has not amended his remaining breach of contract theories in his third amended complaint. The Court thus grants defendants' motions to dismiss West's breach of contract claim on those theories for the reasons set forth in the prior order.

**V.     West fails to adequately plead negligence.**

To prevail on a cause of action for negligence under California law, a plaintiff must establish: (a) defendant's legal duty to use due and reasonable care; (b) breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996). In his first amended complaint, West alleged that defendants breached their legal duty to provide a workplace: (1) compliant with COVID-19 protocols; (2) free of excessive nuisances such as loud music; (3) secure from intrusion caused by doors left ajar; (4) with reasonable accommodations for disability; and (5) free of harassment based on race, gender, and disability.

In its prior order, the Court found that West adequately pleaded that PBC had a legal duty to act with due care to West, but failed to allege facts establishing that defendants breached that duty. Dkt. No. 40, at 9. West also failed to show he was injured by any breach of duty. *Id.* at 9-10.

In his third amended complaint, the only substantive modification to West's negligence

1  claim is his allegation that he was not only *exposed* to COVID-19 as a direct result of defendants'
2  failure to modify the working area but that he actually contracted a respiratory illness. Dkt. No. 55,
3  at 26. But West has not alleged any specific factual details about his respiratory illness.
4  Additionally, West has not shown that defendants' duty of care required accommodation of his
5  highly personalized requests to modify the co-working space.

6  The third amended complaint has not remedied the defects in West's negligence claim that
7  the Court identified in its prior order. The Court thus grants defendants' motions to dismiss.

## VI. West fails to adequately plead fraud.

A complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages. *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In its prior order, the Court granted defendants' motions to dismiss West's allegations of fraud because he merely stated in a conclusory fashion that defendants misrepresented the reason for terminating his co-working agreement. Dkt. No. 40, at 10.

In his third amended complaint, West has amended his fraud allegation. He alleges that defendant PBC's accounting team fraudulently misrepresented that they had not received his payment when they knew they had. Dkt. No. 55, at 45. He also alleges that the accounting team provided him with accounting records they knew were false. *Id.*

West's amended allegations of fraud are merely conclusory statements, lacking sufficient allegations of underlying facts to support his legal conclusions. West pleads with particularity that there was an accounting problem that caused harm: he was charged twice for the month of March 2023 and as a result was charged overdraft fees by his bank. But he does not sufficiently allege that he suffered damages as a result of relying on the PBC accounting team's alleged misrepresentations about receiving his payment. Accordingly, the Court grants defendants' motions to dismiss West's fraud claim.

**VII. West fails to adequately plead a retaliation claim under the ADA.**

Under the ADA, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) he engaged in protected activity; (2) suffered an adverse…action; and (3) there was a causal link between the two. *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004) (citing *Brown v. City of Tuscon*, 336 F.3d 1181, 1186–87 (9th Cir. 2003)).

In its prior order, the Court granted defendants' motions to dismiss West's claim of retaliation under the ADA because he failed to plead causation between his purported protected activity (making requests for accommodation) and the adverse action (the termination of his membership agreement). Dkt. No. 40, at 11-12. West did not make a prima facie showing that PBC terminated his membership because he asked for accommodation.

West has expanded his retaliation claim here, alleging that defendants hindered service of process of his application for a temporary restraining order and that such conduct constituted additional retaliation. But this allegation still does not show a causal link between West's protected activity and the alleged adverse action—the decision to terminate his membership—which happened *before* the purportedly retaliatory acts. The Court therefore again grants defendants' motions to dismiss West's ADA retaliation claim.

**VIII. West fails to adequately plead private nuisance.**

California follows the Restatement approach to private nuisance. *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 452 (9th Cir. 2011). Private nuisance requires substantial and unreasonable interference with plaintiff's use and enjoyment of his land. *Id.* (citing *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893 (1996)). Interference is substantial if it is "definitely offensive, seriously annoying or intolerable," *San Diego Gas & Elec.*, 13 Cal. 4th at 938. Interference is unreasonable if the gravity of the harm outweighs its social utility. *Id.*

West alleges that the conditions of the co-working space constituted a private nuisance. These conditions allegedly included unnecessary fire alarms; rotten food, dirty dishes, and cockroaches in the kitchen; loud music from the overhead speakers; smoking indoors; and doors

8

either propped open or blocked by chairs. Dkt. No. 55, at 9, 15–16, 24–25. These conditions could be considered at least annoying, and although their harm might not be grave, their social utility is minimal at best. These facts are thus sufficient to plead that the conditions of the co-working space substantially and unreasonably interfered with West's use of it. But West fails to allege facts establishing that he had a property right sufficient to sustain a private nuisance claim.

Although "'any interest sufficient to be dignified as a property right' will support an action based on a private nuisance, …such right does not inure in favor of a licensee, lodger or employee." *Venuto*, 22 Cal. App. 3d 116, 125 (1971) (quoting Prosser, Law of Torts 613–14 (3d. ed. 1964)). West was a licensee of the co-working space. The Client License Agreement that West signed with PCB expressly states that it is a license agreement and that West is a licensee. Dkt. No. 29-1, at 1-2. The agreement also states that it is the "the commercial equivalent of an agreement for accommodations in a hotel." *Id.* Hotel guests are licensees and do not have property interests in their hotel rooms sufficient to sustain a private nuisance claim. *See, e.g.*, *Forte v. Hyatt Summerfield Suites, Pleasanton*, No. C 11-2568 CW, 2012 WL 6599724, at *3 (N.D. Cal. Dec. 18, 2012) ("California courts have long recognized that hotel guests do not have a possessory interest in their hotel rooms."); *Erwin v. City of San Diego,* 112 Cal. App. 2d 213, 217 (1952) ("The guests in the hotel are not tenants and have no interest in the realty; they are mere licensees and the control of the rooms, halls and lobbies remains in the proprietor."). Without a property right in the co-working space, West cannot sustain a private nuisance claim.

The Court thus grants defendants' motions to dismiss West's private nuisance claim.

**IX.     West fails to adequately plead an unfair business practices claim.**

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. In order to secure injunctive relief or restitution under the UCL, a plaintiff must first establish that he lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844–45 (9th Cir. 2020).

In its prior order, the Court found that West adequately pleaded claims for breach of contract and race discrimination, and that those claims were sufficient to allege a violation of the UCL under the unlawful prong. Dkt. No. 40, at 12. But West failed to establish that he lacks an

adequate remedy at law. *Id.* at 12. The Court also found that West's allegations under the unfair and fraudulent prongs were entirely conclusory. Dkt. No. 40, at 13. For those reasons, the Court granted defendants' motions to dismiss West's claims under the UCL.

West has not amended his unfair competition claims in his third amended complaint. Therefore, the Court again grants defendants' motions to dismiss West's UCL claim.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' Rule 12(b)(6) motions to dismiss West's claims, with the exception of his breach of contract claim premised on the theories that he was overcharged from March through June 2023 and that he was denied beverage service, and his race discrimination claims under 42 U.S.C. § 1981 and Cal. Civil Code § 51. Dismissal is without leave to amend because the Court has already given West an opportunity to remedy the deficiencies in his allegations and further amendment would almost certainly be futile. *See Lewis v. DiPonzio*, 529 F. App'x 855, 856 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: October 21, 2024

P. Casey Pitts
United States District Judge